881 So.2d 787 (2004)
Amelia W. URRATE d/b/a Original Brunings Seafood Restaurant
v.
ARGONAUT GREAT CENTRAL INSURANCE COMPANY.
No. 04-CA-256.
Court of Appeal of Louisiana, Fifth Circuit.
August 31, 2004.
Order Granting Rehearing September 27, 2004.
*788 Bienvenu, Foster, Ryan & O'Bannon, John W. Waters, Jr., New Orleans, LA, for Appellant.
Joseph M. Messina, Rudolph F. Lehrer, Lobman, Carnahan, Batt, Angelle & Nader, New Orleans, LA, for Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, JR., JAMES L. CANNELLA and SUSAN M. CHEHARDY.
JAMES L. CANNELLA, Judge.
The Defendant, Argonaut Great Central Insurance Company (Argonaut), appeals from a judgment rendered against it and in favor of the Plaintiff, Amelia W. Urrate d/b/a Original Brunings Seafood Restaurant (Brunings), in the amount of $197,931.68, plus attorney fees, interest and costs. For the reasons which follow, we amend the judgment and, as amended, affirm.
Brunings was a seafood restaurant doing business in a wood frame building on pilings over Lake Pontchartrain in Jefferson Parish, Louisiana. On September 26-27, 1998, Hurricane Georges made landfall near Biloxi, Mississippi and Brunings was severely damaged by the effects of the hurricane, with part of the building being swept away. At the time, Brunings was insured by two separate insurance policies, a flood policy issued by Omaha Property and Casualty (Omaha) and a commercial policy with property insurance coverage issued by Argonaut. Following the damage to Brunings from the hurricane, Brunings made claims against both insurers. The two policies complimented each other, providing full coverage to Brunings, but not overlapping coverage. Omaha covered damages from flooding and tidal waves. Argonaut excluded damage from flooding and tidal waves. Argonaut assigned adjuster William Moulton (Moulton) to the claim and Omaha assigned adjuster Andra Wilson (Wilson). Moulton believed that the major part of the damage to Brunings was caused by flooding and wave action, which was not covered by the Argonaut policy. He estimated that wind damage to the property, covered by the Argonaut polices was $1,763.80 less the deductible, and $9,591.21 for loss of business for three days while electricity in the area was out. *789 Wilson, likewise, believed that most of the damage to the restaurant was caused by flooding and wave action, covered by the Omaha policy, and approved property loss of $314,493.93, for Replacement Cost Value (RCV) and replacement of inventory of $209,562.43 for (RCV). Brunings contends that Argonaut erred in its determination of covered losses under its policy and filed suit to recover for those additional covered losses.
Following a bench trial, the trial judge ruled that glass breakage was covered by the Argonaut policy and awarded Brunings $35,372.15 based on an estimate for replacement cost of broken windows in the restaurant submitted by Binswanger Glass. The trial court found that Argonaut lacked a good faith defense to liability and awarded penalties of $70,744.32, double the insured loss. The trial court also concluded that Brunings suffered business loss for the last quarter of 1998, following the hurricane, of $80,000 and attributed 25% of that loss to wind damage which was covered by Argonaut and added penalties of $40,000. The trial court also found that Brunings had a business loss of $70,034 in 1999 and attributed 15% of that to covered wind damage, or $10,505 and added penalties of $21,010. The trial court rendered a total judgment of $197,631.68 plus attorney fees of one-third of the amount of the judgment. It was ordered that interest from the date of judgment be paid in addition to all costs. It is from this judgment that Argonaut appeals. On appeal, Argonaut assigns five errors.
Argonaut argues, in its first two assignments of error, that the trial court erred in awarding $35,372.15 for glass repair damage. Argonaut further argues that Brunings has been compensated for the glass damage by Omaha and cannot collect twice for the same loss. In the alternative, under the "Other Insurance" provisions of its policy, Argonaut argues that the glass repair damages should be pro-rated between it and Omaha since both are liable for the damages.
Brunings argues, to the contrary, that the trial court ruling was correct. First, Brunings points out that Argonaut defended the insurance claim strictly on the grounds that the damage was cause by water and not wind and thus was not covered by its policy. Argonaut did not raise any affirmative defenses regarding double payment, subrogation, or other policy provision requiring prorating coverage. Further, Brunings points out that the trial court made an express factual finding that the glass damage was caused by wind and thus covered only by the Argonaut policy. As argued by Argonaut itself, the two policies are complimentary and do not cover the same types of losses. Thus, double coverage for the glass breakage does not exist. Moreover, there is no showing that Brunings was fully compensated for its damages by Omaha and, thus, lost its right to assert its claim against Argonaut.
The "Other Insurance" clause in the policy, relied on by Argonaut provides:
G. OTHER INSURANCE
1. You may have other insurance subject to the same plan, terms, conditions and provisions as the insurance under this Coverage Part. If you do, we will pay our share of the covered loss or damage. Our share is the proportion that the applicable Limit of Insurance under this Coverage Part bears to the Limits of Insurance of all insurance covering on the same basis.
2. If there is other insurance covering the same loss or damage, other than that described in 1. above [insurance under "the same plan, terms, conditions and provisions" *790 as Argonaut's], we will only pay for the amount of covered loss or damage in excess of the amount due from the other insurer.
In its reasons for judgment, the trial court made the factual finding that the glass damage was due to wind forces. In civil cases, the appropriate standard for appellate review of factual determinations is the manifest error-clearly wrong standard which precludes the setting aside of a trial court's finding of fact unless those findings are clearly wrong in light of the record reviewed in its entirety. Rosell v. ESCO, 549 So.2d 840 (La.1989). A reviewing court may not merely decide if it would have found the facts of the case differently, the reviewing court should affirm the trial court where the trial court judgment is not clearly wrong or manifestly erroneous. Ambrose v. New Orleans Police Department Ambulance Service, 93-3099, 93-3110, 93-3112, p. 8 (La.7/5/94), 639 So.2d 216, 221.
Based on our review of the whole record in this case, we find no error in the trial court finding that the glass breakage was due to wind force. The record contains evidence of wind speed during the hurricane reaching between 46 and 55 miles per hour. Further, the claims adjusters noted at various times that the damage to Brunings was related to both water and wind. Thus, the broken window losses caused by wind force would be covered by the Argonaut policy and not the Omaha policy. It is also noted that there is no showing in the record that Brunings has been reimbursed for the full amount of its losses from Omaha. Accordingly, like the trial judge, we find that the "Other Insurance" provisions, although belatedly pled, are not applicable to the damages for the broken glass in this case, and we find no error in the trial court award in favor of Brunings and against Argonaut for $35,372.15.
In its next assignment of error, Argonaut argues that the trial court erred in finding that Brunings sustained a covered business income loss for 1998 and 1999 under its policy. Argonaut argues that under the policy, for the loss of business income to be covered, the suspension of business must be caused by or result from "any Covered Cause of Loss." Argonaut argues that the record indicates that Brunings' business losses were caused by water, flood and wave action and were not covered by the Argonaut policy.
Brunings again points out that the trial court made an express contrary finding. The trial court found that 25% of the 1998 business losses were caused by wind damage and 15% of the 1999 business losses were caused by wind damage. The trial court rejected Brunings' claim for business losses for 2000 and 2001 attributable to wind damage.
Based on the manifest error appellate standard of review we cannot find error in the trial court ruling. It was the consensus of the adjusters that the restaurant suffered both wind and water damages. The trial court found that the business loss attributable to wind damage in 1998 and 1999 was 25% and 15%, respectively. A large part of the back of the building was gone, including the window wall across the back. Other windows in the restaurant were also broken. The roof was damaged and part of it was blown back over itself by wind force. The winds reached the 50 mile per hour range during the storm. Upon review of the record, we conclude that the trial court findings concerning the business losses attributable to wind damage are supported by the record. Although it might not have been the factual finding we would have made, we cannot *791 say, based on the record that it was clearly wrong or manifestly erroneous.
In the last two assignments of error Argonaut contends that the trial court erred in awarding double the amount found due under the policy as penalties for the insurer's bad faith failure to pay. Argonaut argues that its decision not to pay Brunings claims was a legitimate insurance dispute and was not evidence of bad faith. Argonaut argues that although the trial court may have ruled against it, it had a reasonable basis for refusing coverage including late notice, disputed cause, previous payment by another insurer and the "Other Insurance" clause in its own policy. Alternatively, Argonaut argues that if penalties are due, then under this Court's decision in Gilpin v. State Farm Mut. Auto. Ins. Co., 96-0036 (La.App. 5th Cir.5/19/99), 735 So.2d 921, the penalties should be limited to $5,000 because Brunings presented no proof of damages caused by the breach of the insurer's duty to settle claims in good faith.
Bruning argues that the record is replete with evidence of Argonaut's bad faith. Bruning points out that Argonaut was well aware of the serious damage which the restaurant sustained in the hurricane, but only attributed $1,763.80 to wind damage and 3 days of business loss. Despite repeated inquiries, Argonaut steadfastly refused to address the issues or adjust its determination of liability. Brunings also argues that the Gilpin case is not controlling and evidence of damage which the restaurant sustained by the insurer's breach of its duty are obvious.
The determination of whether Argonaut acted in an arbitrary and capricious manner or in bad faith in its refusal to fairly and quickly settle its insured's claim is a question of fact which will be reviewed on appeal under the manifest error standard of review. Steadman v. Sotelo, 01-0902 (La.App. 5th Cir.1/15/02), 807 So.2d 911. Considering the whole record in this case, we find that the record supports the trial court determination that Argonaut breached its duty to adjust and pay Brunings' claims fairly and promptly and in doing so acted in an arbitrary and capricious manner, without probable cause. Thus, Argonaut was liable to Brunings for penalties under La. R.S. 22:1220(C).
In assessing penalties against Argonaut, the trial court awarded double the amount due under the insurance policy for two separate breaches, the failure to pay for the glass loss caused by wind force and the failure to fairly pay for the loss of business for 1998 and 1999. However, the trial court did not award actual damages to Brunings resulting from the breach of the insurer's duty to settle the claims in good faith under La. R.S. 22:1220(A).
In the case of Gilpin v. State Farm, 99-0036 (La.App. 5th Cir.5/19/99), 735 So.2d 921, this Court directly addressed the question of the assessment of penalties under La. R.S. 22:1220(C) in the absence of proof of damages resulting from the breach of the insurer's duty and the award of damages under La. R.S. 22:1220(A). In doing so, this Court stated:
We hold that the total maximum penalty award, when there is no proof of damages caused by the breach of the insurer's duty to settle claims in good faith under R.S. 22:1220, is $5,000.00.
Based on this Court's holding in Gilpin, and the trial court's failure to find damages due for the breach of the insurer's duty, we find that the two penalty awards for the two separate breaches of the insurer's duty, absent proof of damages caused by the breach, must be reduced from double the insurer's liability to $5,000 each.
*792 Brunings argues that Gilpin is not controlling because it was abrogated by the Louisiana Supreme Court in Sultana Corp. v. Jewelers Mut. Ins. Co. 03-0360 (La.12/3/03), 860 So.2d 1112. We disagree. The Court in Sultana reversed several First Circuit cases that had held that no penalties could be awarded under La. R.S. 22:1220(C) absent proof of actual damage suffered by the insured due to the insurer's breach. However, it did not overrule Gilpin, which itself declined to follow the First Circuit by awarding $5,000 in penalties absent proof that the insured suffered damages by the insurer's breach. Thus, we find Brunings argument that Gilpin is not controlling lacks merit.
Accordingly, for the reasons stated above, we affirm the trial court finding that Argonaut is liable to Brunings under the policy existing between the parties in effect at the time the losses were sustained in the amount of $35,372.15 for glass loss, $20,000 for 25% of the business losses in 1998 and $10,505.10 for 15% of the business losses in 1999 and that Argonaut acted in bad faith. We also affirm the trial court award of attorney fees of one-third of the amount of the judgment and costs which were not contested. We amend the two penalty awards imposed by the trial court, reducing the awards to $5,000 each. As amended, the penalty award is affirmed. Costs of appeal are to be paid by Argonaut.
AMENDED AND AFFIRMED AS AMENDED.

REHEARING GRANTED FOR CLARIFICATION
Interest on the judgment was awarded by the trial court from the date of judgment. That award was not contested on appeal and no change was intended on our original opinion. Accordingly, for clarification purposes, we note that the interest award on the judgment from the date of the judgment until paid is affirmed. In all other respects, the rehearing is denied.
/s/ James L. Cannella
Judge, Court of Appeals of Louisiana
/s/ Edward A. Dufresne, Jr.
Judge, Court of Appeals of Louisiana
/s/ Susan M. Chehardy
Judge, Court of Appeals of Louisiana