COVINGTON, Judge.
The primary issue before this Court is whether the trial court erred in casting the defendant for a proportionate amount of the costs.
This suit commenced as an action brought by Bonfanti Marine, Inc., plaintiff, to enjoin the State of Louisiana, through the Division of Administration, from entering into a contract of purchase of a Boston Whaler 22 ft. Revenge Outboard Boat, twin out-board motors, and trailer from Southern Marine Corp., which was also named as a party defendant. It was stipulated that the court hearing was for preliminary and permanent injunctions.
After the hearing, the trial court rendered judgment on November 10, 1982, issuing a preliminary and permanent injunction, enjoining the State from purchasing the subject boat and trailer from Southern Marine Corp. All other demands of plaintiff were rejected and the case against Southern Marine was dismissed.
Subsequently, on January 7, 1983, the court below amended its judgment to cast Bonfanti Marine with one-third of the costs and the State with two-thirds of the costs.
*219 From this amended judgment, the State has appealed, contending only that the trial court erred in assessing it with any costs. There is no merit in the State’s contention.
LSA-C.C.P. art. 1920 provides:
Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.
Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable. (Emphasis added).
As stated in the procedural code, the general rule is that the party cast in judgment shall pay all costs of the suit. The basic rule is that all costs, both the prevailing party’s and the losing party’s, are to be paid by the party east in judgment unless the court decrees otherwise in the judgment.[1] Bowman v. New Orleans Public Service, Inc., 410 So.2d 270 (La.App. 4th Cir.1982); Swiftships, Inc. v. Burdin, 338 So.2d 1193 (La.App. 3rd Cir.1976). In other words, costs are nonetheless due by the party cast in judgment even though not mentioned in the judgment. Comment (c) under LSA-C.C.P. art. 1920.
In the case at bar the original judgment did not provide that any party other than the losing party, the State of Louisiana, be cast for any portion of the costs.[2] Thus, under the clear provisions of LSA-C. C.P. art. 1920, the party cast in the judgment was legally cast for all costs.
Nevertheless, on January 7, 1983, after the seven-day delay for moving for a new trial had elapsed, the trial court amended the judgment to cast Bonfanti Marine with one-third of the costs and the State of Louisiana, through the Division of Administration, with two-thirds of the costs. Only the State has complained of this amendment to the judgment.
It is the State’s position on appeal that the court below granted plaintiff its injunc-tive relief, but rejected all other demands, and thus denied to plaintiff recovery of costs. For the reasons stated above, there is no merit to this argument. The question of costs was not an issue before the court; so that by its silence on the item of costs, the court in its judgment effectively cast the State with costs.
A further point has been raised concerning the requirement of LSA-R.S. 13:5112 that costs assessed against the State must be expressed in a dollar amount. While it was error for the trial court to state the costs in a proportionate amount rather than a dollar amount, such error, as we held in Jones v. Recreation and Park Commission of Parish of East Baton Rouge, 395 So.2d 846 (La.App. 1st Cir.1981), was harmless. The statute only requires us to amend the judgment to provide for a dollar amount.
For the foregoing reasons, the judgment appealed is amended in part and affirmed in part. Costs in the amount of $345.42 are assessed against appellant, the State.
AMENDED IN PART AND AFFIRMED IN PART.

. Although the court may make an “equitable" different provision for costs. LSA-C.C.P. art. 1920.

. The judgment was silent as to costs.