HIGGINBOTHAM, J. '
lain this matter, the plaintiffs appeal the judgment of the district court taxing them, as the unsuccessful litigants, with $15,102,62 in total costs.
BACKGROUND
This is the second time this matter has come before us pursuant to an appeal. The previous appeal concerned the summary judgment dismissal of plaintiffs’ wrongful death and survival claims arising out of a head-on collision between a car driven by the decedent, Sarah Reynolds; and a passenger bus. The plaintiffs are Sarah’s minor son, Jerad Reynolds (also known as Jerad Reardon), 'Sarah’s mother, Harriett Reynolds (on her own behalf and as a guardian and undertutrix for Jerad), Jerad’s father, Tommy Reardon (as father and natural tutor for Jerad), and Sarah’s estate. The defendant is Louisiana’s Department of Transportation and Development (DOTD). The facts are more fully set forth in the prior appeal, wherein this court affirmed the district court’s grant of summary judgment in favor of DOTD and dismissed the plaintiffs’ claims. See Reynolds v. Louisiana Dept. of Transp., 2014-0540 (La.App. 1st Cir.12/10/14), 2014 WL 6977878 (unpublished).
. -Pending this court’s decision in the previous appeal and DOTD’s final dismissal from the lawsuit, DOTD filed a motion to tax costs incurred in connection with litigating its motion for summary judgment.[2] DOTD sought to recover costs for copies of photographs, depositions, medical records, expert witness fees, public records requests, and court costs. The plaintiffs opposed the motion, arguing that casting the plaintiffs with all costs was unjustified on- grounds of “equity and charity,” since the real party in interest was a 13-14 year old boy (Jerad), who tragically lost his mother in the collision forming the basis Of the lawsuit. The plaintiffs also argued that the expert witness fees were excessive and unreasonable.
| ^Following a hearing, where the plaintiffs submitted their opposition by brief and DOTD-introduced evidence of all costs without objection, the district court took the matter under advisement before assigning formal written reasons for casting the plaintiffs with all costs relative to the motion for summary judgment.[3] The costs totaled $15,102.62, which the district court *59 awarded to DOTD in a separate judgment signed on May -14, 2015, after this court affirmed the grant of summary judgment in favor of DOTD. The plaintiffs filed the instant suspensive appeal from the judgment casting them with all costs. The plaintiffs urged one assignment of error, arguing that the district court abused its discretion in assessing all costs against them. The thrust of the plaintiffs’ argument on appeal is the same as that raised at the district court: they maintain that it is inequitable and uncharitable to cast them with all costs, and the expert witness fees totaling $11,587.50 ($7,650.00 for pharmacologist/toxicologist, William George, and $3,937.50 for accident reconstructionist; David' Hall) are unreasonably excessive.
DISCUSSION
The district court is not required to tax the costs of the defense’s experts and witnesses against an unsuccessful plaintiff. Bourgeois v. Heritage Manor of Houma, 96-0135 (La.App. 1st Cir.2/14/97), 691 So.2d 703, 707. Nevertheless, the law is well settled that the party cast in judgment will generally be assessed with all costs of the litigation, including its own and those of the prevailing party. See La.Code Civ. P. art.1920; Bonfanti Marine, Inc. v. State Through Div. of Admin., 444 So.2d 218, 219 (La.App. 1st Cir.1983). Louisiana Code of Civil Procedure article 1920 allows the district court an option to make a different provision for costs based on equity, providing as follows: “[ejxcept as otherwise provided by law, the |4court may render judgment for costs, or any part thereof, against any party, as it may consider equitable.” ,
The district court has great discretion in awarding costs, including expert witness fees, deposition costs, exhibit costs, and related expenses. Arnaud v. Scottsdale Ins. Co., 2015-0185 (La.App. 1st Cir.9/18/15), 181 So.3d 759, 761. On appeal, the district court’s assessment of costs will not be disturbed absent an abuse of discretion. Polk Chevrolet, Inc. v. Webb, 572 So.2d 1112, 1116 (La.App. 1st Cir.1990), writ denied, 575 So.2d 394 (La.1991). Moreover, an assessment of costs against a prevailing party is considered an abuse .of discretion absent proof that the prevailing party incurred costs pointlessly or engaged in other conduct that justified the allocation. Id.
Here, DOTD is the prevailing party by virtue of the summary judgment that was granted in its favor. We find no abuse of discretion in the district court awarding DOTD costs in keeping with the general rule that all costs are borne by the party cast in judgment. Nothing in the record compels a different result, because there is no showing that DOTD caused costs to be incurred pointlessly or engaged in conduct otherwise justifying the assessment of costs against it. We also note that aside from their own assertions, the plaintiffs provide no evidence that any of them are actually indigent. The plaintiffs have been represented by counsel throughout the case, and the district court denied all motions for leave to appear informa pau-peris. Without any proof of indigence or pauper status, we find that the district court did not abuse its discretion in taxing costs to the plaintiffs on that equitable basis. See Arnaud, 181 So.3d at 763.
The question of whether the assessed costs are excessive is a separate issue. Taxable costs are defined narrowly by pos *60 itive law in La. R.S. 13:4533 to include “costs of the clerk, sheriff, witness’ fees, costs of taking depositions and copies of acts used on the trial, and all other costs allowed by the eourt[.]” Generally, “on the | fitrial” has been held to include costs that are necessary to investigate and defend a lawsuit and to bring a case to trial on a motion for summary judgment. See Riddle v. Louisiana Power and Light Co., 94-1386 (La.App. 1st Cir.4/7/95), 654 So.2d 698, 703, writ denied, 95-1599 (La.9/29/95), 660 So.2d 871; Breaux v. Romero & Associates, Inc., 95-691 (La.App. 3d Cir.11/2/95), 664 So.2d 683, 686-87. Further, the taxing of medical records costs and expert witness fees is governed by La. R.S. 13:3666. As to expert witness fees in particular, La. R.S. 13:3666 provides, in pertinent part, as follows:
A. Witnesses called to testify in court only to an opinion founded on special study or experience in any branch of science, or to make scientific or professional examinations, and to state the results thereof, shall receive additional compensation, to be fixed by the court, with reference to :the value of time employed and the degree of learning or skill required.
B. The court stall determine the amount of the fees of said expert witnesses which are to be taxed as costs to be paid by the party cast in judgment either:
(1) From the testimony of the expert relative to his time rendered and the cost of his services adduced upon the trial of the cause, outside the presence of the jury, the court shall determine the amount thereof and include same.
(2) By rule to show cause brought by the party in whose favor a judgment is rendered against the party cast in judgment for the purpose of determining the amount of the ex- - ' pert fees • to be paid by the party cast in judgment, which rule upon being made absolute by the trial court shall for a part of the final judgment in the cause.
Expert witnesses are entitled to reasonable compensation for their time in court and for preparatory work done. Bourgeois, 691 So.2d at 708. A district court can fix expert witness fees based upon its own observations and evidence presented at trial. See Smith v. Roussel, 2000-1672 (La.App. 1st Cir.6/22/01), 808 So.2d 726, 730. However, a party can only have taxed as court costs the reasonable cost of time spent by the expert in gathering facts 'necessary for his testimony, but not for |fitime spent in consultation that only assists the attorney in preparation for the litigation. Id., 808 So.2d at 731.
The plaintiffs argue that DOTD’s expert witnesses did not testify in court, thus the district court should not have awarded court costs for their services. We find no merit to this argument. The use of the experts’ affidavits and reports as evidence at the trial on a successful motion for summary judgment distinguishes this case from those instances where expert witnesses may not have been called to testify, live or by deposition or where reports are .filed into evidence in lieu of live testimony and without further stipulation by the parties. See Bourgeois, 691 So.2d at 708; Moran v. Harris, 93-2227 (La.App. 1st Cir.11/10/94), 645 So.2d 1248, 1250.
DOTD’s two expert witnesses, William George and David Hall, were retained to defend against the plaintiffs’ claims by proving that the accident was actuálly caused by the decedent’s significantly impaired condition and not because of an alleged negligent design or misplaced barrier on an interstate overpass. Both of the *61 expert witnesses prepared affidavits with attached reports that were offered and filed into evidence at the trial of the summary judgment, ultimately leading to the district court granting DOTD’s motion for summary judgment and dismissing plaintiffs’ claims, which decision was upheld on appeal. The statute authorizing the fixing of expert witness fees, La. R.S. 13:3666, in no way prevents, the district court from awarding court costs for the preparation of expert witnesses’ affidavits and reports. It simply allows, in the district, court’s discretion, for “additional compensation” to be awarded should the expert witnesses by required to testify in court. See Burtner v. Lafayette Parish Consol. Government, 2014-1180 (La.App. 3d Cir.4/15/15), 176 So.3d 1056, 1065, writ denied, 2015-0938 (La.6/19/15), 169 So.3d 350. Consequently, there is no error in awarding DOTD the cost of the expert witness fees in this case. The only issue is whether the district court abused its discretion in awarding the full amount charged by* the expert- witnesses, which was itemized [^according to services rendered ' in the evidence submitted at DOTD’s contradictory rule to tax costs.
The district court may award the full amount charged by an expert witness if the amount is reasopable in light of the many factors considered in fixing expert witness fees, such as time spent in preparatory work for trial, the extent and nature of the work performed, the knowledge, attainments, and skill of the expert, and the helpfulness of the expert’s report and opinion to the district court. See Bourgeois, 691 So.2d at 708. See also Albin v. Illinois Cent. Gulf R. Co., 607 So.2d 844, 845-46 (La.App. 1st Cir.1992). Generally, the amount and fixing of expert fees lies within the sound discretion of the district court and will not be disturbed in the absence of an abuse of discretion. Bourgeois, 691 So.2d at 709. Fees of expert witnesses may be induced if expenses were needlessly or excessively incurred. Wampold v. Fisher, 2001-0808 (La.App. 1st Cir.6/26/02), 837 So.2d 638, 640.
Without. explanation or evidence to the contrary, the plaintiffs assert that the bills submitted by DOTD’s expert witnesses áre excessive. The record' reveals absolutely no evidence that DOTD caused costs to be incurted needlessly or pointlessly; however, it has long been the law that the assertion' of' an attorney arid .the bill of an expert do not support an award for the total time Of an expert, both in court and Outside of 'court. Wampold, 837 So.2d at 640. Rather, the expert must testify at the trial of the contradictory rule to tax costs and be subject to cross-examination, unless there' is some stipulation between thé parties. Id. Significantly, we note that the plaintiffs' waived their' appearance at the hearing on DOTD’s motion to tax costs, and DOTD’s expert witnesses were hot present to testify at thé hearing oh taxing costs. Thus, there is no objection or stipulation in ‘ the record as to DOTD’s expert witnesses’ feé bills that were offered and admitted into evidence, and the expert witnesses were never subjected to cross-examination as to the specifics regarding the costs of their out-of-court work. Nevertheless, this court has routinely | «held that the mere assertions of an attorney and the expert via a submitted bill (or invoice) are insufficient to support a ■ district court’s award of out-of-court work costs "of the-expert witness. Wingfield v. State ex rel. Dept. of Transp. and Development, 2003-1740 (La.App. - 1st Cir.5/14/04), 879 So.2d 766, 770. The burden of proving the value ■ of the expert witnesses’ out-of-court services was on DOTD, and although DOTD submitted the experts’ invoices at the hearing, those -invoices are insufficient to establish the value of the serviees( See Dakmak v. Baton *62 Rouge City Police Dept. 2012-1850 (La. App. 1st Cir.9/4/14), 153 So.3d 511, 515. The law requires a contradictory and full hearing, with, the burden of proving the reasonable value of the expert witnesses’ out-of-court work on the party seeking the costs. Id.
Given the inadequacy in the record regarding the details of the fees charged by DOTD’s. expert witnesses, we cannot determine if the district court’s judgment taxing those costs to. the plaintiffs was an appropriate exercise or an abuse of its discretion. Under these circumstances, in the interest of justice, we must vacate that portion of the district court’s judgment that awards DOTD the fees of the two expert witnesses, .William George and David Hall, and we remand this matter to the district court for stipulations or a contradictory hearing to determine expert witness fees based on the district court’s personal observations at the trial of the summary judgment, the parties’ evidentia-ry support subject to cross-examination, and the criteria discussed herein. In accord Dakmak, 153 So.3d at 515; Henkel v. Gboloo, 2012-1948 (La.App. 1st Cir.7/30/13) (unpublished); Wingfield, 879 So.2d at 771; and Wampold, 837 So.2d at 641.
CONCLUSION
For the assigned reasons, we vacate the portion of the May 14, 2015 district court judgment awarding expert witness fees for William George and David Hall to DOTD, and we remand this matter for a hearing to determine those expert witness [afees in accordance with this opinion. The remainder of the judgment taxing all other costs to the plaintiffs, Jerad Reynolds (also known as Jerad Reardon), minor son of Sarah Reynolds; Harriett Reynolds, in her own right and as guardian and undertutrix for the minor child, Jerad Reynolds; Tommy Reardon, as father and natural tutor for the minor child, Jerad Reynolds; and the estate of Sarah Reynolds, is affirmed. Costs of this appeal in the amount of $886.83 are equally assessed between DOTD and the plaintiffs.
VACATED IN PART; AFFIRMED IN PART; AND REMANDED WITH INSTRUCTIONS.
CRAIN, J., dissents in part and assigns reasons.
PETTIGREW, and McDONALD, JJ., concurs.
GUIDRY, J,, dissents for the reasons assigned by Judge CRAIN.

. The district court’s now final judgment, granting summary judgment in favor of DOTD and dismissing the plaintiffs’- claims against DOTD with prejudice, specifically provided that the "allocation of costs” would be determined after DOTD filed a motion to tax costs.

.The record reflects that the plaintiffs waived their appearance at the hearing on DOTD’s •motion to tax costs, choosing instead to submit their opposing argument by brief. Thus, *59 all of DOTD’s exhibits were admitted into evidence without objection. At the hearing, the district court noted that it must "determine the reasonableness” of the costs before taking the matter under advisement.