CRICHTON, J.,
would grant and assigns reasons:
lil respectfully dissent and would grant defendant LAMMICO’s application for the reasons assigned in Judge Bonin’s dissent. In this case,'after a six-day trial, the jury returned a verdict in favor of the plaintiff, which the trial court reduced pursuant to the statutory limitations of the Louisiana Medical Malpractice Act, La. R.S. 40:1299.43, et seq. The plaintiffs thereafter filed a Motion to Tax Costs, which the trial court ultimately granted in full, finding plaintiffs were entitled to costs totaling $154,470.37. At the hearing on said Motion, when defendants suggested that the court examine the ledger of costs, arguing that *170 many of the costs alleged by plaintiff were not for trial purposes, nor otherwise taxable, the trial judge stated: “No. I’m not going—this is not going to be trench warfare. I’m not doing line by line, if that’s what you’re asking. I don’t care to do that.”
I fully agree with Judge Bonin’s statements that a “defeated party is not indiscriminately assessed all of the prevailing party’s expenses in the litigation.” Butler v. LAMMICO, et al, 15-1191, p. 15 (La. App. 4th Cir. 5/25/16), 195 So.3d 570 (Bonin, J., dissenting). Moreover, it is important to note, as did Judge Bonin, that there is no support, statutory or otherwise, for taxing as costs a number of |2items including, but not limited to, services of unused expert witnesses (plaintiff identifies $11,000 in expert fees for persons whom they report did not testify).
Accordingly, while I do not suggest the trial court engage in “trench warfare,” I would grant the instant writ application and remand to the trial court with instructions to actually examine the items supporting the $154,570.37 award to determine the recoverability (or lack thereof) of each item.