NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

18-339

CHELSEA MACE

VERSUS

SHERMAN TURNER, ET AL.

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 253,260
HONORABLE PATRICIA E. KOCH, DISTRICT JUDGE

**********

**PHYLLIS M. KEATY**
**JUDGE**

**********

Court composed of Phyllis M. Keaty, D. Kent Savoie, and Van H. Kyzar, Judges.

**JUDGMENT AMENDED AND AFFIRMED AS AMENDED.**

**S. Daniel Meeks**
**Lawrence R. DeBuys, IV**
**Kristen E. Meeks**
**Meeks and Associates, L.L.C.**
**3401 West Esplanade Avenue, South, Suite 3**
**Metairie, Louisiana  70002**
**(504) 355-0020**
**Counsel for Defendants/Appellees:**
      **Sherman Turner**
      **Ace American Insurance Company**
      **AAA Cooper Transportation, Inc.**

**Brian M. Caubarreaux**
**Emily Gremillion**
**Eugene Ledet**
**Wesley K. Elmer**
**Brian Caubarreaux & Associates**
**Post Office Box 129**
**Marksville, Louisiana  71351**
**(318) 253-0900**
**Counsel for Plaintiff/Appellant:**
      **Chelsea Mace**

**KEATY, Judge.**

Defendants filed a motion to tax costs against the plaintiff after her suit against them was dismissed. The plaintiff now appeals a judgment rendered against her awarding the defendants' costs in the amount of $54,619.93. For the following reasons, we amend the judgment and affirm it as amended.

## FACTS AND PROCEDURAL HISTORY

Chelsea Mace filed suit in June 2015 to recover damages she allegedly suffered when an eighteen-wheeler driven by Sherman Turner "violently, and without any warning" struck her car while attempting to back into the driveway of a business. Named as defendants in the suit were Sherman; his employer, AAA Cooper Transportation; and his employer's insurer, ACE American Insurance Company (collectively referred to as "Defendants"). At the conclusion of a three-day trial on the merits, the jury returned a verdict finding that Turner was not at fault in causing the "incident" made subject of Mace's suit. The trial court rendered judgment in accordance with the verdict, dismissing Mace's claims with prejudice and reserving for a later determination Defendants' claims for costs and expert fees. This court affirmed that judgment. *Mace v. Turner*, 18-40 (La.App. 3 Cir. 7/18/18) (unpublished opinion).

While that appeal was pending, Defendants filed a motion to tax costs with a fifteen-page memorandum in support, detailing the amount of costs and fees they sought to have assessed against Mace. Therein, Defendants explained the history and substance of their successful defense against Mace's claims. They retained Dr. Lon Barrone, II, an orthopedic surgeon, to refute Mace's allegations regarding medical causation, and Dr. Joseph Peles, a biomedical engineer who specialized in motor vehicle accident reconstruction, to refute Mace's allegations regarding liability, causation, and damages. A hearing took place on March 6, 2017, to resolve

several pre-trial motions, including a *Daubert*[1] challenge and a motion in limine regarding Dr. Peles, following which the trial court accepted Dr. Peles as an expert witness in biomechanics and accident reconstruction and ruled that Dr. Peles would be allowed to testify at trial.

In their motion to tax costs, Defendants noted that several weeks before the March 21, 2017 trial date, Mace's treating orthopedist, Dr. George Williams, recommended for the first time that Mace undergo a lumbar fusion at an approximate cost of $136,000.00. At a hearing held the day before the trial, the trial court granted Defendants an extension of the deadlines for designating an expert in medical costs to refute "Dr. Williams's last-minute surgery recommendation." Thereafter, Defendants hired Mr. Burt Ashman, a board certified forensic vocational expert. Although Defendants did not call him as a witness at trial, Mr. Ashman issued a report which Defendants offered into evidence as a proffer. At trial, Dr. Williams opined that Mace may need a second surgery. Defendants point out that despite her incurring only $18,965.50 in medical expenses before trial, Mace asked the jury to award her $272,300.00 in future medical expenses and nearly $1,000,000.00 in total damages.

Mace filed an opposition to Defendants' motion, wherein she argued that the costs sought were "unreasonable, arbitrary and/or should not be considered as taxable costs." A hearing on Defendants' motion was held on December 11, 2017, at which the trial court admitted nine exhibits into the record and heard arguments of opposing counsel as well as live testimony from Dr. Peles and Mace. After initially taking the matter under advisement, the trial court issued Written Reasons for Judgment and an Order awarding Defendants unspecified costs on December 21,

---

[1] *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 113 S.Ct. 2786 (1993) and La.Code Civ.P. art. 1425(F).

2017. In its reasons for judgment, the trial court correctly recited the law applicable to awarding a successful litigant costs after a judgment has been rendered in its favor. The appealed judgment was signed on February 1, 2018, ordering Mace to pay Defendants the full $54,619.93 they sought to recoup in costs and expert fees.

Mace now appeals, alleging in her sole assignment of error that "[t]he trial court abused its discretion in taxing all of defendants['] costs as court costs due to the lack of positive law pursuant to Louisiana Civil Code of Procedure [A]rticle 1920 and Louisiana Revised Statute[s] 13:4533."

## DISCUSSION

Louisiana Code of Civil Procedure Article 1920 provides that, "[u]nless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause. Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable." "This equitable power to allocate costs is limited to costs that positive law identifies as taxable." *Bayou Fleet, Inc. v. Bollinger Shipyards, Inc.*, 15-487, 15-702, p. 20 (La.App. 4 Cir. 7/21/16), 197 So.3d 797, 810. "What is 'equitable' can only be determined on a case-by-case basis which necessarily involves a review of the facts involved." *Johnson v. Bucyrus-Erie Co.*, 476 So.2d 1074, 1075 (La.App. 3 Cir. 1985). According to La.R.S. 13:4533, "[t]he costs of the clerk, sheriff, witness' fees, costs of taking depositions and copies of acts used *on the trial*, and all other costs allowed by the court, shall be taxed as costs." (Emphasis added.) "Generally, 'on the trial' has been held to include costs that are necessary to investigate and defend a lawsuit and to bring a case to trial. . . ." *Reynolds v. La. Dep't of Transp.*, 15-1304, pp. 4-5 (La.App. 1 Cir. 4/13/16), 194 So.3d 56, 60.

3

Louisiana Revised Statutes 13:3666, [2] titled "Compensation of expert witnesses[,]" provides in pertinent part:

> A. Witnesses called to testify in court only to an opinion founded on special study or experience in any branch of science, or to make scientific or professional examinations, and to state the results thereof, shall receive additional compensation, to be fixed by the court, with reference to the value of time employed and the degree of learning or skill required.
>
> B. The court shall determine the amount of the fees of said expert witnesses which are to be taxed as costs to be paid by the party cast in judgment either:
>
> (1) From the testimony of the expert relative to his time rendered and the cost of his services adduced upon the trial of the cause, outside the presence of the jury, the court shall determine the amount thereof and include same.
>
> (2) By rule to show cause brought by the party in whose favor a judgment is rendered against the party cast in judgment for the purpose of determining the amount of the expert fees to be paid by the party cast in judgment, which rule upon being made absolute by the trial court shall form a part of the final judgment in the cause.

In a case referred to by both parties on appeal, the first circuit held:

> Expert witness fees for testifying at trial and for time spent preparing for that testimony are recoverable. The amount actually billed by the expert is not determinative of the reasonable amount of taxable as costs. The determination of the reasonableness of an expert fee award turns on the particular facts and circumstances of the case.
>
> Although it is a case-specific determination, courts have identified multiple factors to consider in determining a reasonable expert fee award, including the following: (1) the amount of time consumed by the expert in compiling his or her report; (2) the amount charged to the client; (3) the amount of time spent in preparing for trial; (4) the amount of time spent in court; (5) the expert's expertise; (6) the difficulty of the expert's work; (7) the amount of the award; and (8) the degree to which the expert witness's opinions aided the court in its decision. A litigant is only entitled to recover as costs the expert fees incurred directly in connection with the expert's assistance at the trial. An expert may receive fees for work done in preparation for trial, but not for consultations assisting the attorney to prepare for trial.

---

[2] We note that Mace failed to mention La.R.S. 13:3666 in her appellate brief.

4

*Bayou Fleet*, 197 So.3d at 811 (citations omitted). "A district court can fix expert witness fees based upon its own observations and evidence presented at trial." *Reynolds*, 194 So.3d at 60. Moreover, a "district court may award the full amount charged by an expert witness if the amount is reasonable in light of the many factors considered in fixing expert witness fees. . . ." *Id.* at 61. Nevertheless, "[f]ees of expert witnesses may be reduced if expenses were needlessly or excessively incurred." *Id.* In addition, compensation may be awarded to an expert who does not testify at trial. *See Butler v. La. Mut. Med. Ins. Co.*, 15-1191 (La.App. 4 Cir. 5/25/16), 195 So.3d 570, *writ denied*, 16-1206 (La. 10/10/16), 202 So.3d 169. "The law requires a contradictory and full hearing, with the burden of proving the reasonable value of the expert witnesses' out-of-court work on the party seeking the costs." *Reynolds*, 194 So.3d at 62.

The trial "court has great discretion in awarding costs, including expert witness fees, deposition costs, exhibit costs, and related expenses." *Reynolds*, 194 So.3d at 59. "The discretion of the trial court to assess court costs is vast and is not subject to reversal unless there is an abuse of discretion." *Farrar v. Whaley*, 16-790, p. 19 (La.App. 3 Cir. 2/1/17), 211 So.3d 449, 461, *writ denied*, 17-409 (La. 4/13/17), 218 So.3d 626.

On appeal, Mace does not assert that the trial court erred in assessing costs against her. Instead, she contends that the amount of costs awarded Defendants in some categories were so excessive as to be an abuse of discretion. Defendants note that Mace does not contest $16,237.69 of the total court costs awarded. Regarding the merits of Mace's appeal, Defendants counter that the trial court reasonably exercised its discretion in assessing costs against Mace, whose case was dismissed following a jury trial that found Defendants not liable for the accident in which Mace

5

was allegedly injured.  Moreover, Defendants submit that Mace failed to provide any basis for the trial court to have deviated from awarding them "costs in keeping with the general rule that all costs are borne by the party cast in judgment."  *See Reynolds*, 194 So.3d at 59.

### *Exhibit and Technology Costs*

Mace contends that she should not have to pay for costs incurred by Defendants as a result of their choice to outsource certain tasks, such as the preparation of subpoenas for medical records and the copying of those records, which could have been performed less expensively had Defendants performed those tasks with its own in-house personnel.  According to Mace, Defendants' use of exhibit boards containing enlarged images, as well as their rental of equipment, such as a projector and screen, amounted to "antics" not necessary for their defense of this case, and the assessment of such costs against her was inequitable and a clear abuse of the trial court's discretion.

Defendants counter that the expenses it incurred in presenting its case to the jury were reasonable and necessary.  With regard to the $1,058.52[3] they were awarded in copying costs, Defendants note that this court has affirmed an award of "$1,984.00 in copy costs, which reflect a $1.00 per page copy cost."  *See Daigle v. LaPoint*, 14-410, p. 3 (La.App. 3 Cir. 11/5/14), 150 So.3d 599, 602.  Defendants point out that they actually saved money by not hiring a third party to operate the audio-visual equipment that it used at trial.

We conclude that the exhibit and technology costs that Defendants incurred in presenting their defense were reasonable and fall under the "other costs allowed

---

[3] In their appellee brief, Defendants admit that they mistakenly included Sheriff's costs twice in the invoice submitted to the trial court in Exhibit 1, thus entitling Mace to a $300.00 reduction in the appealed judgment.

by law" noted in La.R.S. 13:4533. Accordingly, the trial court did not abuse its broad discretion in awarding Defendants the total amount of the costs they incurred in those categories. *See, e.g., Vela v. Plaquemines Parish Gov't*, 00-2221, 00-2222, 00-2223, 00-2224, p. 30 (La.App. 4 Cir. 3/13/02) 811 So.2d 1263, 1282, *writs denied sub nom., Crutchfield v. Plaquemines Parish Gov't*, 02-1224, 02-1350 (La. 6/21/02), 819 So.2d 337, wherein the fourth circuit held that "[La.]R.S. 13:4533, which . . . specifically mentions deposition costs, also permits other unspecified costs allowed by the trial court."

### *Plaintiff's Deposition*

Mace insists that she should not be required to pay the $270.00 Defendants incurred in taking her deposition because she testified live at trial and her deposition was not admitted into evidence. Defendants submit that because it used portions of Mace's deposition for impeachment purposes during her cross examination, such cost was recoverable under La.R.S. 13:4533.

In *Gauthier v. Wilson*, 04-2527, 04-2528, 04-2529, 04-2530, 04-2531, 04-2132, 04-2533, 04-2534 (La.App. 1 Cir. 11/4/05), 927 So.2d 383, *writ denied,* 05-2420 (La. 3/31/06), 925 So.2d 1258, the first circuit held that the costs of a deposition, from which excerpts were used at trial for impeachment, were taxable costs under La.R.S. 13:4533, even though the full deposition was not admitted into evidence. Thus, we find no abuse in the trial court's inclusion of that expense in its judgment.

### *Dr. Baronne's Expert Fees*

Defendants sought and were awarded an expert fee of $9,981.00 for Dr. Baronne, the orthopedic surgeon who testified at trial to refute Mace's claims that the subject accident left her with injuries requiring that she undergo one or two

7

surgeries.[4]  Mace claims that the expert fee charged by Dr. Baronne was unreasonable and arbitrary, and that the "trial court abused its discretion in taxing any of Dr. Baronne's costs as court costs."

Defendants counter that Dr. Baronne's testimony at trial was of great importance to their successful defense of Mace's suit against them. Defendants point out that Dr. Baronne conducted a physical examination of Mace and reviewed her deposition and extensive medical records. In addition, Dr. Baronne reviewed Dr. Peles' expert report, prepared his own expert report, and prepared for and testified at trial. Based on the foregoing, Defendants submit that the fees charged by Dr. Baronne were reasonable and necessary, and, thus, the trial court's award of those costs was proper.

The trial court heard Dr. Baronne testify at trial and was able to view, first-hand, the effect Dr. Baronne had on the jury. Thereafter, the trial court conducted a full contradictory hearing on Defendants' motion to tax costs, and it took the matter under advisement for ten days before rendering its comprehensive three-plus page reasons for judgment. After considering the significance of his testimony, we find no abuse of discretion with the amount of costs the trial court awarded Defendants for the services provided by Dr. Baronne.

### Dr. Peles' Expert Fees

Dr. Peles, Defendants' biomechanical engineer/accident reconstructionist, testified at trial and at the *Daubert* hearing that preceded trial.[5] At the hearing on

---

[4] In the memorandum in support of their motion to tax costs, Defendants sought to recover an expert fee of $11,981.00 for the services rendered by Dr. Baronne. In their briefs to this court, both parties state that Dr. Baronne's fee was $9,981.00. We have examined the invoices contained in Exhibit 2 and find that they support an award of $9,981.00. Accordingly, we will subtract $2,000.00 from the amount awarded to Defendants as costs.

[5] We will address the costs associated with the *Daubert* hearing later in this opinion.

their motion to tax costs, Defendants offered two invoices in support of the $23,062.50 in costs they incurred from Dr. Peles. As noted in their motion, Defendants did not seek reimbursement for costs incurred for Dr. Peles' "airfare, mileage, lodging, and attorney conferences." Mace claims that the trial court clearly abused its discretion in the costs awarded to Defendants for Dr. Peles' assistance in the matter. More specifically, she submits that Dr. Peles' $300.00 hourly rate is arbitrary, that his invoice entries are vague, and that he admitted at the hearing on Defendants' motion to tax costs "that he personally did not perform all of the work listed in his invoices."

Defendants point out that they hired Dr. Peles, who has Bachelor's and Master's degrees, as well as a Ph.D., in bioengineering, along with vast training and work experience in the biomechanical aspects of spinal injuries. Based on those qualifications, Defendants argued at the hearing on their motion that Dr. Peles served as three experts in one by reconstructing the accident to determine fault, analyzing whether Mace could have likely avoided the impact assuming one occurred, and performing a biomedical analysis to compare the forces that could have been applied to Mace's low back in an accident of this type as compared to the forces incurred in normal daily activities. As he testified to at the December 11, 2017 hearing, Dr. Peles ultimately opined that the force necessary to produce the injuries claimed by Mace was much higher than any force that could have occurred in the subject accident.

In this case, the trial court was able to observe Dr. Peles testify at trial and at the hearing on the motion to tax costs, with Mace having the opportunity to cross-examine him on both occasions. The arguments that Mace now makes on appeal were presented to and rejected by the trial court. Given Dr. Peles' expertise and the

9

outcome that Defendants obtained as a result of his services, we find no abuse of discretion in the trial court's decision to award Defendants the full amount that he charged them.

*Daubert Costs*

Louisiana Code of Civil Procedure Article 1425(F)(8) provides that "[a]ll or a portion of the court costs, including reasonable expert witness fees and costs, incurred when a [*Daubert*] motion is filed . . . may, in the discretion of the court, be assessed to the non-prevailing party as taxable costs at the conclusion of the hearing on the motion." The appealed judgment awarded Defendants $7,220.00 for the costs and expenses they incurred at the pre-trial *Daubert* hearing. Mace argues on appeal that the "award is improper and untimely pursuant to [La.Code Civ.P. art.] 1425(F)(8)." Citing Uniform Rules—Courts of Appeal, Rule 1–3,[6] Defendants ask that this court not review this issue because Mace did not raise it in the trial court and because this issue is not encompassed in her sole assigned error.

Although we find merit to Defendants' arguments, we note that the first circuit has held that La.Code Civ.P. art. 1425(F)(8)'s "requirement that such costs be taxed 'at the conclusion of the hearing' does not require assessment of the costs immediately upon the conclusion of the pretrial hearing" such that the "trial court may defer any such assessment until the conclusion of the trial when rendering a judgment as to all court costs." *Edwards v. La. Farm Bureau Mut. Ins. Co.*, 13-186 (La.App. 1 Cir. 12/27/13) (unpublished opinion). Accordingly, we find no abuse of discretion in the trial court's decision to award *Daubert* costs to Defendants.

---

[6] Rule 1–3 provides that "[t]he Courts of Appeal will review only issues which were submitted to the trial court and which are contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise."

*Mr. Ashman's Expert Fee*

Although Mr. Ashman did not testify, the trial court cast Mace with the $2,548.00 cost of the report Mr. Ashman produced for Defendants which they proffered at trial. Mace argues that the trial court abused its discretion in taxing any of Mr. Ashman's costs to her because his invoice reveals that the majority of his time was spent on calls and emails with defense counsel. Defendants counter that they "had no choice, but to retain Mr. Ashman to defend against Dr. Williams's last minute surgery recommendation, which was sprung on the Defendants on the eve of trial, after all discovery deadlines had passed." Defendants explain that at a hearing held the day before trial commenced, the trial court denied their motion to prohibit Mace from introducing evidence of the costs of the surgeries recommended by Dr. Williams but granted their request to extend the discovery deadlines to hire an expert in medical costs, with the requirement that such expert provide a report to be given to Mace before he was allowed to testify. Thereafter, Defendants retained Mr. Ashman who produced a report stating that because Mace failed to provide the billing codes for most of the medical services that would be necessary if she underwent the surgeries recommended by Dr. Williams, he was unable to determine what the reasonable and customary charges for such procedures would be.[7]

Mr. Ashman is a Licensed and Certified Rehabilitation Counselor, a Certified Case Manager, a Registered and Board Certified Forensic Vocational Expert, and Certified Life Planner. In its reasons for judgment, the trial court listed Mr. Ashman's qualifications before stating that he "was used in response to the plaintiff's claims." Considering the short notice Defendants were given to rebut the

---

[7] Defendants note in brief that Mace did provide them with the billing codes for monitoring the surgery that she allegedly needed. In his report, Mr. Ashman stated that the estimated charges for those services exceeded what is reasonable and customary.

reasonableness of the costs associated with any future surgeries Mace claimed to need as a result of the subject accident, we find no abuse of the trial court's award of the costs of Mr. Ashman's report.

## CONCLUSION

For the foregoing reasons, we conclude that the trial court did not abuse its discretion in its assessment of costs against Mace. The judgment must be amended, however, to subtract $2,300.00 in costs which Defendants were admittedly not entitled to recover.

## DECREE

For the foregoing reasons, the judgment is amended to deduct $2,300.00 which should not have been included therein, resulting in an award of $52,319.93. In all other respects, the judgment is affirmed. Costs of this appeal are assessed against the plaintiff.

## JUDGMENT AMENDED AND AFFIRMED AS AMENDED.

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.

12