THERIOT, J.
|2In this suit arising from an automobile accident, the plaintiff appeals the judgment-of the Twenty-second Judicial District Court taxing the plaintiff for $30,589.95 in total costs. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
On or about February 24, 2012, at approximately 5:30 a.m., the plaintiff-appellant Yvonne Arnaud was driving her 2001 Honda Civic northbound along U.S. Highway 11 in Millard,' Mississippi. At the same time, the deféndant, Silas Sumner, III, was driving a 2009 Peterbilt tractor trailer owned by C.O.B. Enterprises of Louisiana, L.L.C. (C.O.B.), while in the course and scope of his employment with C.O.B., westbound along Savannah Millard Road. At the intersection of the two roads, the two vehicles collided as Sumner pulled into the intersection "and Ms. Ar-naud approached .the intersection. At the time of the accident, Scottsdale Insurance Company (Scottsdale) maintained a liability insurance policy covering C.O.B. and Mr. Sumner.
Following a trial by jury in February of 2014, the defendants were found to be zero *761 percent at fault.[1] The defendants filed a motion to tax costs and incorporated memorandum in support on July 14, 2014. The costs defendants claimed to have occurred in connection with the instant case pertain to five judgments: (1.) March 5, 2014, adopting the jury verdict rendered on February 13, 20Í4; (2.) May 2, 2014, on the defendants’ motion to quash- subpoenas issued to C.O.B., Brandon S. Cooper, and Coop’s Trucking, L.L.C.; (3.) May 2, 2014, on the defendants’ motion to quash subpoenas issued to jurors Tara D. Cooper and Robin A. Dutruch; (4.) May | ¡¡22, 2014, denying Ms. Arnaud’s motion to recuse defense counsel; (5.) June 4, 2014, denying Ms. Arnaud’s motions for JNOV and new trial.[2] In their memorandum, the defendants provided an itemized list of expert fees, deposition fees, clerk of court and sheriff’s fees, and costs of teal exhibits. The defendants sought a total of $53,346.53 in costs.
By judgment signed on October,9, 2014, the district court granted the defendants’ motion, taxing the plaintiff with $30,589.95 in total court costs.
In its reasons for judgment, the district court itemized the award as follows:
Expert witness fees $21,197.00
Deposition , 1,097.63
Medical Records 1,790.80
Clerk of Court 6,504.52
TOTAL $30,589.95
Ms. Arnaud timely filed this devolutive appeal from the adverse judgment.
ASSIGNMENTS OF ERROR
Ms. Arnaud alleges four assignments of error:
1. The $30,589.95 total amount of litigation costs ordered by the district court against Ms. Arnaud was excessive and in some instances contrary to law.
2. In particular, the $21,197.00 out of state expert witness fee taxed by the district court was excessive and contrary .to law.
3. The vast majority of submitted expert costs were incurred by unknown individuals, not produced for cross-examination, not competently proved and were contrary to law.
.4. The district court abused its discre- - tion in taxing Ms. Arnaud, an indigent party.
DISCUSSION
The district court has great discretion in, awarding costs, including expert witness fees, deposition costs, exhibit costs, and related expenses. Bourgeois v. Heritage Manor of Houma, 96-0135 (La.App. 1 Cir. 2/14/97), 691 So.2d 703, 706; La. R.S. 13:3666; La. R.S. 13:4533; La. C.C.P. art., L1920. The costs of the clerk, sheriff, witness’ fees, costs of taking deposition, and copies of acts used on the trial, and all other costs allowed by the court, shall be taxed as costs. La. R.S. 13:4533.
Louisiana Revised Statutes 13:4533 merely defines what is meant by the term “costs.” It does not discuss who is entitled to costs and under what circumstances. Bourgeois, 691 So.2d at 706. Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause. Except as otherwise provided by law, the district *762 court may render judgment for costs,--or any part thereof, against any party, as it may consider equitable. La. C.C.P. art. 1920; Bourgeois, 691 So.2d at 707.
The district court shall determine the amount of fees of expert witnesses, which are to be taxed as costs to be paid by the party cast in judgment, by rule to show cause brought by the party in whose favor a judgment is rendered. La. R.S. 13:3666(B)(2). The district court in the instant case did not abuse its discretion in taxing Ms. Arnaud for the defendants’ expert witness fees. The defendants submitted to the district court invoices from Automotive Research Consultants, Ltd. (ARC) for professional services rendered in conjunction with the trial, totaling $43,785.60. Scottsdale, as insurer for C.O.B., paid these amounts in full.
Ms. Arnaud alleges the award of $21,197.00 in expert'fees is excessive. In her brief, Ms. Arnaud argues that only one invoice submitted by the defendants- actually related to work done in conjunction with the trial, and the others relate to work done by unknown individuals “outside of the courtroom.”
Factors to be considered by the district court in setting expert witness fees include time spent testifying, time spent in preparatory work for trial, time spent away from regular duties while waiting to testify, the extent and | mature of the work performed, and the knowledge, attainments, and skill of the expert. Albin v. Illinois Cent. Gulf R. Co., 607 So.2d 844, 845 (La.App. 1 Cir.1992).
The district court gives no indication in its reasons for judgment as to how the cost award was calculated, which is slightly less than half of the amount for which the defendants prayed. Upon reviewing the record and specifically the invoices submitted, we find the district court did not abuse its discretion in awarding $21,197.00 in expert witness fees.
The invoice that is purported to reflect the costs of the expert witness’s work at trial is in the amount of $18,957.04, leaving a remainder of $2,239.96 to the amount awarded ($21,197.00-$18,-957.04=$2,239.96). The remaining expert fees for which the defendants prayed, as evidenced by other invoices submitted by ARC, totaled $24,828.56. These other invoices include fees .for a. consulting engineer, an engineering assistant, paralegals, a professional engineer, a project .engineer, and a project manager. Ms. Arnaud classified those fees as work done by the expert “outside the courtroom.”
In letters to defense counsel, ARC itemized and briefly described all the work done by their staff, including Mr. David Love, the expert witness who testified at trial on behalf of the defendants. A district court can fix expert witness fees based upon its own observations and testimony presented at trial. Smith v. Roussel, 2000-1672 (La. App 1 Cir. 6/22/01), 808 So.2d 726, 730. After observing the trial in full, the district court made an effort to differentiate the fees relating to Mr. Love’s trial-related work from all other work done by ARC’S staff, as it reduced the remaining fees for which the defendants prayed by over ninety percent ($24,-828.56 to $2,239.96). We agree with the district court’s assessment that the vast majority of work |(¡performed by ARC’S staff was not related to trial preparation. Recognizing the district court, via its observation throughout the trial, is in a better position than an appellant court to make the assessment of “trial related work” versus “non-trial related work”, we find no abuse of discretion in the district court taxing costs of expert witness fees to Ms. Arnaud in the amount of $21,197.00.
*763 The taxing of medical records costs is also governed by La. R.S. 13:3666. The defendants submitted a total in the amount of $2,043.30 for medical records expenses. The district court awarded $1,790.80, again without any indication as to how the award was calculated. After reviewing all the invoices submitted by the defendants, we find none that were unrelated to the issues of the trial. While the district court’s award is $252.50 less than that for which the defendants prayed, we can find no abuse of discretion in the district court’s taxing of medical records expenses.
The defendants submitted invoices and payments of deposition costs related to the depositions of witnesses John Ashley Lambert and Dr. Brian Humphreys in the amount of $1,122.63. The depositions were admitted as evidence in the trial. The Louisiana Supreme Court has held that the phrase “on the trial” used in La. R.S. 13:4533 with respect to depositions means introduced and accepted as evidence. Moran v. Harris, 93-2227 (La.App. 1 Cir. 11/10/94), 645 So.2d 1248, 1250, citing Succession of Franz, 242 La. 875, 139 So.2d 216, 218-19 (1962). Since the depositions were admitted as evidence, they should be taxed as costs. The district court reduced the depositions’ costs by $25.00, which appears from the evidence to be the fee for the use of a meeting room at the Poplarville Public Library, and we will not disturb the district court’s discretion to fix the deposition costs on appeal. See Bourgeois, 691 So.2d at 706.
|7The defendants submitted an itemized list of costs related to clerk’s office filings and service of process fees totaling $7,395.00. The district court awarded $6,504.00. We cannot determine why the district court reduced the award by $891.00, and after reviewing the long itemized list of charges by the St. Tammany Parish Clerk of Court and Sheriffs Department, all of the charges appear to be directly related to the prosecution of the instant case. Once again, the award is less than that sought by the defendants; however, considering the great discretion afforded district court judges, we find that the district court did not abuse its discretion in taxing the clerk’s office costs to Ms. Arnaud.
Aside from her own assertions, Ms. Ar-naud provides no evidence that she "is indigent. Indeed, she has been represented by the same law firm throughout the duration of the instant case, and she has not once appeared pro se or in forma pauperis. Without any proof of her economic status, we shall not consider whether the district court abused its discretion to tax costs to her.
DECREE
The judgment of the Twenty-second Judicial District Court taxing the appellant Yvonne Arnaud'with costs is affirmed. All costs of this appeal are assessed to Yvonne Arnaud.
AFFIRMED.
McCLENDON, J., dissents in part and assigns reasons.
McDONALD, J. concurs.

; For a more developed dissertation of the-facts surrounding the jury trial and the automobile accident, see Yvonne Arnaud v. Scottsdale Insurance Company, 2014-1809 (La.App. 1 Cir.9/18/15), 182 So.3d 97, 2015 WL 5474462 also handed down this day.

. These issueá are discussed in greater detail in the related appeal from the adverse judgment.