STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2019 CA 0553

RONALD HICKS

VERSUS

USAA GENERAL INDEMNITY COMPANY, ROBERT L. HARGER, JR.,
R. L. HARGER AND ASSOCIATES, INC. AND
HARGER AND COMPANY, INC.

*Judgment Rendered:*    MAR 2 5 2021

* * * * * * * *

Appealed from the
18th Judicial District Court
In and for the Parish of Pointe Coupee
State of Louisiana
Case No. 47,326

The Honorable J. Kevin Kimball, Judge Presiding

* * * * * * * *

| | |
|---|---|
| Brent E. Kinchen<br>William C. Helm<br>Stephen F. Butterfield<br>Baton Rouge, Louisiana | Counsel for Defendants/Appellants<br>USAA General Indemnity Company and<br>Robert L. Harger, Jr. |
| | |
| Nicholas R. Rockforte<br>Brusly, Louisiana<br>    and<br>Rick Ward, III<br>Port Allen, Louisiana | Counsel for Plaintiff/Appellee<br>Ronald Hicks |

* * * * * * * *

BEFORE: McDONALD, THERIOT, AND CHUTZ, JJ.

**THERIOT, J.**

USAA General Indemnity Company and Robert L. Harger, Jr. appeal the Eighteenth Judicial District Court's judgment taxing USAA General Indemnity Company and Robert L. Harger, Jr. with $26,099.76 in court costs. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY[1]

On September 27, 2016, Ronald Hicks ("Appellee") filed a petition for damages naming USAA General Indemnity Company, Robert L. Harger, Jr., R.L. Harger and Associates, Inc., and Harger and Company, Inc. as defendants. Appellee alleged that on October 1, 2015, he was a passenger in a 2003 Chevrolet Silverado truck traveling west on U.S. Highway 190 near Livonia in Point Coupee Parish, Louisiana. Appellee alleged that the vehicle in which he was a passenger was rear-ended at a high rate of speed by a Cadillac Escalade, which was also traveling westbound on U.S. Highway 190, operated by Robert L. Harger, Jr., and owned by R.L. Harger and Associates, Inc., and/or Harger and Company, Inc. Appellee suffered severe injuries as a result of the accident.

On May 25, 2018, following a jury trial, judgment was rendered in favor of Appellee in the amount of $1,298,410.00. Appellee subsequently filed a rule to tax costs, seeking $40,137.38 in costs. On August 3, 2018, Appellee filed a supplemental motion to tax costs, increasing the total costs sought to $43,886.01. USAA General Indemnity Company and Robert L. Harger, Jr. ("Appellants") opposed the motions.

On August 9, 2018, the trial court held a hearing on several motions, including the motions to tax costs. On August 30, 2018, the trial court signed a judgment granting in part and denying in part Appellee's supplemental motion to tax costs, ordering Appellants to pay $26,099.76 in costs. At the hearing, the trial

---

[1] For a full rendition of the facts and procedural history in this case, see the companion appeal 2019 CA 0552, handed down on March 23, 2021.

2

court reviewed each individual fee and decided which were appropriate. This appeal, which only concerns whether the trial court abused its discretion in awarding court costs and expert witness fees in the amount of $26,099.76, followed.

## ASSIGNMENT OF ERROR

Appellants assert the following as error:

The trial court abused its discretion in awarding court costs and expert witness fees in the amount of $26,099.76.

## STANDARD OF REVIEW

The trial court has great discretion in awarding costs, including expert witness fees, deposition costs, exhibit costs, and related expenses. *Arnaud v. Scottsdale Ins. Co.*, 2015-0185 (La. App. 1 Cir. 9/18/15); 181 So.3d 759, 761; *Bourgeois v. Heritage Manor of Houma*, 96-0135 (La. App. 1 Cir. 2/14/97); 691 So.2d 703, 706. On appeal, the trial court's assessment of costs will not be disturbed absent an abuse of discretion. *Reynolds v. Louisiana Dept. of Transp.*, 2015-1304 (La. App. 1 Cir. 4/13/16); 194 So.3d 56, 59.

## DISCUSSION

In their sole assignment of error, Appellants assert that if this court reverses and remands the companion appeal (docket number 2019 CA 0552), which pertains to the merits of this case, this court should also reverse and remand this matter to the trial court. Alternatively, Appellants argue that the trial court abused its discretion in its award of expert witness fees and that the excessive fees should be reduced. Regarding Appellants' first argument, the companion appeal affirmed the trial court's judgment. Accordingly, this argument lacks merit.

In the alternative, Appellants argue that the trial court's expert witness fee award to Dr. Jorge Isaza in the amount of $5,000.00 was excessive. Appellants assert that Dr. Isaza was only on the witness stand for forty-five minutes to an

hour. Appellants further assert that Dr. Isaza testified that he did not know what he usually charged to testify, because his wife manages his practice. Additionally, Appellants ask this court to reduce the trial court's other awards of expert witness fees to amounts this court may deem appropriate.

Louisiana Revised Statutes 13:3666(B) provides:

B. The court shall determine the amount of the fees of said expert witnesses which are to be taxed as costs to be paid by the party cast in judgment either:

(1) From the testimony of the expert relative to his time rendered and the cost of his services adduced upon the trial of the cause, outside the presence of the jury, the court shall determine the amount thereof and include same.

(2) By rule to show cause brought by the party in whose favor a judgment is rendered against the party cast in judgment for the purpose of determining the amount of the expert fees to be paid by the party cast in judgment, which rule upon being made absolute by the trial court shall form a part of the final judgment in the cause.

Factors to be considered by the trial court in setting expert witness fees include time spent testifying, time spent in preparatory work for trial, time spent away from regular duties while waiting to testify, the extent and nature of the work performed, and the knowledge, attainments, and skill of the expert. *Arnaud*, 181 So.3d at 762.

Appellee sought $10,000.00 in costs for Dr. Isaza's testimony. At the August 9, 2018 hearing, Appellants asserted that they felt a $2,500.00 fee would be appropriate for Dr. Isaza. The trial court acknowledged that the $10,000.00 request was high, despite Dr. Isaza being present longer than other testifying doctors. The trial court ultimately taxed $5,000.00 of Dr. Isaza's fee as cost. Specifically, the trial court stated:

Based on the factors, it appears that time spent testifying, time spent in preparatory work for trial, I heard nothing regarding that. Time spent away from regular duties while waiting to testify. I didn't really hear anything about that. I think I heard about what he was making. The extent and nature of the work performed and the knowledge obtained, he was a very knowledgeable doctor. It includes the

4

helpfulness of the expert report and testimony to the trial court. The amount in controversy. The complexity of the problem addressed by the experts and the awards to experts in similar cases. Now, he was the main doctor for the Plaintiff and he was here, I think from what I remember longer than everybody else. I'll tax five thousand of his fee as cost.

Considering the foregoing, we find that the trial court did not abuse its great discretion in its award of expert witness fees to Dr. Isaza. See *Bourgeois*, 691 So.2d at 706. Although the award for Dr. Isaza was higher than the award for other experts, the trial court pointed out that Dr. Isaza was present at trial longer than any of the other experts. Further, after reviewing the record, we find that the trial court's other awards of expert witness fees were not an abuse of discretion. This assignment of error lacks merit.

**DECREE**

For the above and foregoing reasons, the Eighteenth Judicial District Court's judgment taxing USAA General Indemnity Company and Robert L. Harger, Jr. with $26,099.76 in court costs is affirmed. Costs of this appeal are assessed to USAA General Indemnity Company and Robert L. Harger, Jr.

**AFFIRMED.**