**NOT DESIGNATED FOR PUBLICATION**

**STATE OF LOUISIANA**

**COURT OF APPEAL**

**FIRST CIRCUIT**

**2020 CA 0942**

**XAVIER MOORE**

**VERSUS**

**STATE FARM FIRE AND CASUALTY COMPANY**

**Judgment Rendered:** **MAY 2 5 2021**

\* \* \* \* \* \*

On Appeal from the Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket No. 669,483

Honorable Richard "Chip" Moore, Judge Presiding

\* \* \* \* \* \*

Christopher W. Deagano
Spencer H. Calahan
Baton Rouge, LA

Counsel for Plaintiff/Appellee
Xavier Moore

Brad M. Boudreaux
Baton Rouge, LA

Counsel for Defendant/Appellee
State Farm Fire and Casualty
Company

Maria A. Finley
Baton Rouge, LA

Counsel for Defendants/Appellants
Dr. Shari Bouy, D.C. and
Louisiana Health and Injury
Centers

\* \* \* \* \* \*

**BEFORE: GUIDRY, McCLENDON, AND LANIER, JJ.**

**McCLENDON, J.**

Non-parties/appellants appeal a trial court judgment that granted defendant/appellee's motion to compel and motion for contempt and denied appellants' motion to quash. For the reasons that follow, we vacate the judgment of the trial court and remand for further proceedings.

## FACTUAL AND PROCEDURAL HISTORY

This appeal concerns competing motions seeking resolution of a discovery dispute between non-parties/appellants, Dr. Shari Bouy, D.C. and Louisiana Health and Injury Centers (LHIC), and defendant/appellee, State Farm Fire and Casualty Company (State Farm). The underlying lawsuit was filed by Xavier Moore against State Farm, Moore's uninsured/underinsured motorist insurer, after she was allegedly injured in an automobile accident with an underinsured driver. During litigation, State Farm sought the expert deposition of Dr. Bouy, who had treated Moore at LHIC after the accident. Dr. Bouy, through counsel, requested payment of an expert witness fee prior to the deposition. State Farm declined to issue payment in advance, and Dr. Bouy declined to appear without receipt of same. Dr. Bouy and LHIC (collectively referred to herein simply as "Dr. Bouy") filed a motion to quash the notice of deposition. State Farm filed a motion for contempt and to compel the deposition.

Dr. Bouy's motion to quash and State Farm's motion for contempt and to compel were set for a February 3, 2020 hearing.[1] At the beginning of the hearing, the trial court indicated that it intended to take up the motion to quash and the motion to compel simultaneously. After Dr. Bouy argued that the deposition subpoena was void because it did not comply with LSA-R.S. 3715.1, the trial court informed the parties that it would pretermit ruling on the other issues in order to consider whether the deposition subpoena was properly served. Specifically, the trial court stated:

---

[1] Although the transcript of the hearing is dated February 2, 2020, the minutes and the trial court's ruling consistently reflect that the hearing was set for and occurred on February 3, 2020.

2

I'm going to take that issue under advisement... pretermit ruling on anything else, and I'll issue a ruling on this later today. And if it goes for you, [counsel for State Farm], then I'll reset your hearing on the other ones. Although, if it goes to you, [counsel for Dr. Bouy], then [counsel for State Farm] knows he'll have to reset it and start all over again.

Counsel for State Farm subsequently inquired whether there was "any benefit to the court's time to decide the issue over the [expert witness fees] so we don't have to come back." The trial court stated that it would "look at what's reasonable for this case." The trial court went on to decline to hear further arguments, stating in pertinent part:

All right, I'm not going to talk about that one because I'm -- I haven't gotten that far yet, but I'm going to tell you it needs to be a reasonable fee...

...

I'm not talking about it today...

...

The only thing I'm talking about is -- what -- is whether or not the motion to quash should be granted for State Farm failing to follow proper procedures in the issuance of a subpoena to begin with. And I'll issue that ruling in [thirty] days, and then y'all can go from there.

On May 20, 2020, despite the trial court's prior representations that all issues were being pretermitted except the propriety of the deposition subpoena, the trial court issued a written ruling that denied Dr. Bouy's motion to quash, granted State Farm's motion for contempt, and ordered Dr. Bouy to appear for a deposition. The trial court also set the amount of Dr. Bouy's expert witness fee. The trial court executed a written judgment in conformity with the May 20, 2020 ruling on June 15, 2020. Dr. Bouy now appeals this adverse judgment.

## STATE FARM'S MOTION FOR LEAVE TO FILE EXHIBITS INTO THE APPELLATE RECORD

After the lodging of Dr. Bouy's appeal, State Farm filed a motion for leave to file certain exhibits into the appellate record in support of its appellee brief. The motion was referred to the panel to which the appeal was assigned by order dated January 19, 2021.

As an appellate court, we have no jurisdiction to review evidence that is not in the record on appeal, and we cannot receive new evidence. See LSA-C.C.P. arts.

3

2088(A)(4) and 2132; **O'Bannon v. Moriah Techs., Inc.**, 2017-0728 (La.App. 1 Cir. 3/29/18), 248 So.3d 392, 397. In this matter, the documents State Farm seeks to file into the appellate court record postdate the June 15, 2020 judgment on appeal, establishing that the documents at issue could not have been introduced or filed into the record during the proceedings below.[2] See **O'Bannon**, 248 So.3d at 397-98. Accordingly, we deny State Farm's motion.[3] See **City of Hammond v. Par. of Tangipahoa**, 2007-0574 (La.App. 1 Cir. 3/26/08), 985 So.2d 171, 176.

## APPEALABILITY OF THE JUNE 15, 2020 JUDGMENT

A judgment that specifically holds a non-party to the litigation in contempt of court and imposes sanctions is a final appealable judgment. See **In re Succession of Nobles**, 2008-2133 (La.App. 1 Cir. 5/13/09), 2009 WL 1331349, *2 (unpublished), citing **Albritton v. Fidelity Nat'l Bank Trust**, (La.App. 1 Cir. 5/28/93), 619 So.2d 1170, 1172. A non-party so cast in judgment has no certain remedy for relief upon appellate review of the merits, and his legal status in such an instance should not depend upon the outcome of litigation to which he is not a party. **Id**. Accordingly, the June 15, 2020 judgment at issue in this appeal is a final appealable judgment.

## DISCUSSION

On appeal, Dr. Bouy argues that the trial court erred in ruling on Dr. Bouy's motion to quash and State Farm's motion for contempt and to compel after

---

[2] The documents at issue include transcript excerpts of the July 9, 2020 deposition of Dr. Bouy; State Farm check no. 122927395, dated July 22, 2020, in the amount of $1,500.00, payable to and endorsed by LHIC, with a cover letter; and, LHIC check no. 25159, dated July 15, 2020, in the amount of $1,437.80, payable to State Farm, with a check stub and note.

[3] State Farm argues that the documents it seeks to introduce indicate that Dr. Bouy has acquiesced in the judgment by complying with the trial court's orders, and she has therefore lost her right to appeal pursuant to LSA-C.C.P. art. 2085. However, payment of a contempt fee and compliance with a court order clearly do not amount to acquiescence. Article 2085 provides that an appeal cannot be taken by a party who "voluntarily and unconditionally acquiesced in a judgment rendered against him." Comment (f) to article 2085 contemplates the significance of the word "voluntarily," providing in pertinent part:

> [T]here are certain situations where the law does not contemplate that the defendant should by acquiescence subject himself to various penalties, since the acquiescence cannot be considered voluntary... [for example, a] husband ordered to pay alimony who sought by rule to be relieved from making such payments did not show acquiescence in the judgment by paying the same, since *he is not required to render himself liable to punishment for contempt and possible imprisonment in order to retain his right to appeal.*

(Emphasis added; internal citations omitted).

4

specifically stating that only the issue of whether the deposition subpoena was properly served on Dr. Bouy was under consideration, and after refusing to allow testimony on the other issues. We agree.[4] The trial court effectively denied the parties a hearing by declining to permit argument regarding the issues addressed in the June 15, 2020 judgment now before us on appeal. Consequently, no evidence was formally introduced during the hearing, and no testimony was presented to the trial court, either in support of or against the motions that were ruled on by the trial court. See **Landis Const. Co., L.L.C. v. State**, 2015-1167 (La.App. 1 Cir. 2/29/16), 199 So.3d 1, 2-3. Moreover, Dr. Bouy was found guilty of contempt without a trial in violation of LSA-C.C.P. art. 225,[5] and Dr. Bouy's expert witness fee was set without consideration of the relevant factors, i.e., time spent testifying, time spent in preparatory work for trial, time spent away from regular duties while waiting to testify, the extent and nature of the work performed, and the knowledge, attainments, and skill of the expert.[6] See **Arnaud v. Scottsdale Ins. Co.**, 2015-0185 (La.App. 1 Cir. 9/18/15), 181 So.3d 759, 762. Accordingly, we find the trial court erred. Given the unusual circumstances and the

---

[4] Having found merit in this assignment of error, we need not consider Dr. Bouy's remaining assignments of error.

[5] Louisiana Code of Civil Procedure article 225 provides:

> A. Except as otherwise provided by law, a person charged with committing a constructive contempt of court may be found guilty thereof and punished therefor only after the trial by the judge of a rule against him to show cause why he should not be adjudged guilty of contempt and punished accordingly. The rule to show cause may issue on the court's own motion or on motion of a party to the action or proceeding and shall state the facts alleged to constitute the contempt. A person charged with committing a constructive contempt of a court of appeal may be found guilty thereof and punished therefor after receiving a notice to show cause, by brief, to be filed not less than forty-eight hours from the date the person receives such notice why he should not be found guilty of contempt and punished accordingly. The person so charged shall be granted an oral hearing on the charge if he submits a written request to the clerk of the appellate court within forty-eight hours after receiving notice of the charge. Such notice from the court of appeal may be sent by registered or certified mail or may be served by the sheriff. In all other cases, a certified copy of the motion, and of the rule to show cause, shall be served upon the person charged with contempt in the same manner as a subpoena at least forty-eight hours before the time assigned for the trial of the rule.

> B. If the person charged with contempt is found guilty the court shall render an order reciting the facts constituting the contempt, adjudging the person charged with contempt guilty thereof, and specifying the punishment imposed.

[6] We note that in State Farm's memorandum in support of the motion for contempt and to compel, State Farm correctly asserted that the trial court "[would] not be in a position to even address Dr. Bouy's demand for a fee until it is known how much time Dr. Bouy actually spends in connection with the deposition, including the duration of the deposition, that... has not yet occurred."

procedural posture of this matter, we vacate the June 15, 2020 judgment and remand this matter to the trial court for proceedings consistent with this opinion.

## CONCLUSION

For the foregoing reasons, State Farm's motion for leave to file exhibits into the appellate record is denied, and the June 15, 2020 judgment in favor of State Farm Fire and Casualty Company is vacated. The matter is remanded to the trial court for further proceedings consistent with the opinion rendered herein. The parties shall equally share the costs of appeal.

**MOTION FOR LEAVE TO FILE EXHIBITS INTO THE APPELLATE RECORD DENIED; JUDGMENT ON APPEAL VACATED AND REMANDED.**